**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT WHITE** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  17-cv-1259 |
| | ) |
| **EDUCATIONAL CREDIT MANAGEMENT** | ) |
| **CORPORATION** | ) |
| | ) |
| | ) |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, and for his Second Amended Complaint states as follows:

## INTRODUCTION

1.      This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Count One arises from Defendant's attempts to collect debts when Defendant for failed to disclose interest was accruing on the debt and for trying to collect a debt discharged in bankruptcy.

## JURISDICTION

2.      This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) and that the deceptive fraudulent and unfair business practices alleged herein against Defendant occurred in this judicial district.

1

## PARTIES

3.      Plaintiff is a natural person residing in Missouri.  Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.  Specifically, Plaintiff believes the debt arose from student loans.

4.      Defendant is a foreign corporation with its principal place of business located in Minneapolis, Minnesota.  The principal business purpose of Defendant is the collection of debts nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

6.      On or about March 4, 2013, Plaintiff filed for Chapter 13 bankruptcy protection.  The debt at issue was listed as a creditor.

7.      The debt at issue was paid in full in approximately two years through Plaitniff's bankruptcy estate.

8.      Plaintiff made all of the required plan payments and his bankruptcy estate was closed December 31, 2016.

9.      Plaintiff paid Defendant the full amount of its Proof of Claim of $27,921.07.

10.     That even if Plaintiff still maintained a financial obligation to Defendant after the discharge of his bankruptcy estate, Defendant is charging an interest rate not contemplated by any written agreement.

2

11.     On or about February 5, 2017, Plaintiff received a dunning letter from Defendant stating that he had a balance due of $7397.84.

12.     The letter also stated that Defendant had sent a notice of default to Plaintiff 60 days previous of the February 5th letter.  This is false and Defendant did not send Plaintiff any correspondence prior to the February 5th letter.

13.     The February 5th letter stated a current balance of $7397.84.

14.     The February 5th letter contained absolutely no indication that Plaintiff was being charged interest.

15.     Defendant reported Plaintiff's debt as delinquent in February 2017 even though Plaintiff fulfilled his financial obligations to Defendant through the Chapter 13 repayment plan.

16.     The February 5th letter did not contain any mini-Miranda language advising client that "This is an attempt to collect a debt and any information obtained will be used for that purpose."

17.     On or about February 28, 2017, Plaintiff called Defendant to get additional information concerning the alleged debt.

18.     During the call, Plaintiff was taken through of series of automated prompts.

19.     At no time during the phone call does the Defendant provide the mini-Miranda ("This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose") to Plaintiff.

20.     Plaintiff was told that his balance on the loan was now $7,428.55.

3

21.     However, Defendant was in fact charging interest on the account, as shown in the February 5th letter and the February 28th phone call where the balance due is higher without explanation.

22.     Further, none of the communications contained any language that explained to Plaintiff that due to interest, late charges, and other charges that may vary from day to day, the amount due on the day Plaintiff would pay might be greater than the amount due contained in the collection letter.

23.     The letter thus deceptively failed to state the amount of Plaintiff's debt.

24.     Defendant's letter listed a balance past due but failed to disclose that the debt was accruing interest and other fees that would cause the amount of the debt to increase continuously such that when Plaintiff actually received each collection communication he was required to pay more than the stated balance due to discharge the debt.

25.     As such, Defendant's collection efforts were confusing, misleading, and failed to state the amount of the debt.

26.     Plaintiff never entered in any agreement whereby he consented to arbitrate disputes between himself and Defendant.

27.     Defendant's collection activity has caused Plaintiff to incur actual damages, including but not limited to anxiety, stress, and worry.

28.     Defendant's collection illegal collection activity and fraudulent reporting of the alleged debt as delinquent has ruined Plaintiff's bankruptcy "fresh start" and has cost him $27,921.07 in plan payments to Defendant.

4

29.     On or about August 15, 2017, Defendant sent another collection notice to Plaintiff stating that he had a minimum balance due of $6,194.72.

30.     The August 15th letter states that Plaintiff's claims are subject to Treasury offset.

31.     Defendant has communicated with Plaintiff after it knows that Plaintiff is represented by counsel for this debt.

### COUNT I- VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

33.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a.      Taking action that it could not legally take.  15 U.S.C. § 1692e(5);

b.      Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff.  15 U.S.C. § 1692d.

c.      Deceptively failing to accurately state the amount of the debt, 15 U.S.C. § 1692e, g; and

d.      Using false, deceptive, or misleading representation or means in connection with the debt collection.  15 U.S.C. § 1692e and e(10).

e.      Failing to provide mini-Miranda to Plaintiff in an attempt to collect a debt. 15 U.S.C. § 1692 e(11).

f.      Communicating with Plaintiff after it knows him to be represented by an attorney.  15 U.S.C. § 1692 c(a)(2).

5

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Release of the alleged debt;

D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E.      For such other relief as the Court may deem just and proper.


**THE EASON LAW FIRM, LLC**

/s/ James W. Eason
_____
**JAMES W. EASON, #57112**
**The Eason Law Firm, LLC**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the forgoing was sent via the Court's electronic filing system to counsel of record on August 30, 2017.


s/ James W. Eason
_____